United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUANG-DAO TRINH,

Plaintiff,

v.

NA MI, et al.,

Defendants.

Case No. 26-cv-03248-SK

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE AND MOTION TO WITHDRAW AS ATTORNEY**

Regarding Docket Nos. 10, 12

This matter comes before the Court upon consideration of the motion for alternative service of process filed by Plaintiff Quang-Dao Trinh ("Plaintiff") and the motion to withdraw filed by Danny Minutillo, counsel for Plaintiff ("Counsel"). (Dkt. Nos. 10, 12.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). (Dkt. No. 1 at 2.) Plaintiff consented to magistrate judge jurisdiction. (Dkt. No. 6.) The Court finds the motions suitable for disposition without oral argument and thus VACATES the hearing scheduled for July 20, 2026. *See* Civ. L.R. 7-1(b). Upon careful consideration of the parties' papers, relevant legal authority, and case record, the Court GRANTS Plaintiff's motion and Counsel's motion for the reasons set forth below.

## I. Background

On April 17, 2026, Plaintiff commenced this action against Defendants Na Mi and Wu Jie (collectively "Defendants"). (Dkt. No. 1.) Plaintiff's action arises from alleged copyright infringement by Defendants. (*Id.* at 2.) Plaintiff, specifically, alleges that Defendants willfully copied and re-uploaded Plaintiff's copyrighted video content to YouTube without authorization. (*Id.*) Plaintiff further alleges that Defendants abused the Digital Millennium Copyright Act ("DMCA") counter-notification process by submitting false counter-notifications, resulting in reinstatement of infringing content and ongoing harm to Plaintiff. (*Id.*)

On May 5, 2026, Plaintiff moved for an order authorizing alternative service of process. (Dkt. No. 10.) On May 26, 2026, Counsel moved to withdraw as Plaintiff's attorney of record in this action. (Dkt. No. 12.)

**II. Plaintiff's Motion for Alternative Service of Process**

Plaintiff moves this Court for an order permitting alternative service of process on Defendants by email pursuant to Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 10 at 1.) Plaintiff argues that because Defendants are residents of Vietnam and China, service by email is reasonably calculated to provide actual notice to Defendants. (*Id.*)

Federal Rule of Civil Procedure 4(f), titled "Serving an Individual in a Foreign Country," provides that an individual "may be served at a place not within any judicial district of the United States" by one of three methods. First, the individual may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," the individual may be served "by a method that is reasonably calculated to give notice" and satisfies certain enumerated requirements. Fed. R. Civ. P. 4(f)(2). Third, as relevant here, the individual may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Whether to authorize alternative service under Rule 4(f)(3) is committed "to the sound discretion of the district court" based on "the particularities and necessities of a given case[.]" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The district court need not find that the service methods described in Rule 4(f)(1) and 4(f)(2) are unavailable. *See id.* at 1015. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' " *Id.* "It is merely one means among several which enables service of process on an international defendant." *Id.* To be sure, the only requirements are that the "service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement[.]" *Id.* To comport with due process requirements, "the method of service crafted by the district court must be reasonably calculated under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016–17 (internal quotation marks and citation omitted).

First, the Court concludes that service by email is not prohibited by any international agreement. The Hague Convention does not apply because Defendants' addresses are unknown to Plaintiff. *See* Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163 ("This Convention shall not apply where the address of the person to be served with the document is not known."); *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) (quoting Art. 1) ("by its terms, the Convention doesn't apply where the address of the person to be served with the document is not known.") (internal quotation marks omitted). Second, service by email is a method of alternative service authorized under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1016; *see also Viral DRM LLC v. Jardin*, No. 24-cv-06854-BLF, 2024 WL 4894854, at *2 (N.D. Cal. Nov. 25, 2024) (authorizing service by email on defendants in France, where not generally prohibited by international agreement nor the Hague Convention).

***

In sum, the Court GRANTS Plaintiff's motion for alternative service of process under Federal Rule of Civil Procedure 4(f)(3). Plaintiff SHALL file proof of service within 30 days of this Order evidencing service of the summons, complaint, and this Order on Defendants at the email addresses Defendants used to submit their DMCA counter-notifications.

## III. Counsel's Motion to Withdraw as Plaintiff's Attorney

Attorney Danny Minutillo moves to withdraw as Plaintiff's attorney. (Dkt. No. 12.) Plaintiff did not oppose Counsel's motion. Rather, both Plaintiff and Counsel filed declarations in support of Counsel's motion to withdraw. (Dkt. No. 12-2; Dkt. No. 13.)

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11–5(a). Civil Local Rule 11–4(a)(1) requires compliance with the standard of professional conduct required of members of the State Bar of California. *See also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." *BSD, Inc. v. Equilon Enterprises, LLC*, 2013 WL 942578, at *1

(N.D. Cal. Mar. 11, 2013) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)).

Upon review of Counsel's motion and the accompanying declarations, the Court GRANTS Counsel's motion to withdraw as Plaintiff's attorney. Pursuant to Civil Local Rule 11-5(a), Counsel has declared that Plaintiff received notice of his intent to withdraw. (Dkt. No. 12-2.) Indeed, Plaintiff declared that he received advanced written notice from Counsel regarding his intent to withdraw as counsel of record in this action. (Dkt. No. 13.) In his declaration, Plaintiff also indicated that he understands he will proceed pro se if the Court grants Counsel's motion. (*Id.*)

Counsel IS HEREBY RELIEVED from representing Plaintiff, conditioned on continuing to provide Plaintiff with copies of any filed documents, including this Order, until Plaintiff signs up to access the court's electronic filing system. Papers may continue to be served on counsel for forwarding purposes unless and until the client appears by other counsel or pro se. Counsel shall notify Plaintiff of this condition.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for alternative service and Counsel's motion to withdraw as attorney of record. The Court HEREBY CONTINUES the initial case management conference scheduled for July 20, 2026 to October 26, 2026 at 1:30 p.m. via Public Zoom webinar. The parties shall file a joint case management statement, or separate case management statements if Plaintiff proceeds pro se, by October 19, 2026. *See* Civ. L. R. 16-9(a).

**IT IS SO ORDERED**.

Dated: July 16, 2026



SALLIE KIM
United States Magistrate Judge